UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

---

In re:

COLLEEN P. WALLIN,

Debtor.

Chapter 7
BKY 08-44526- RJK

**NOTICE OF HEARING
AND MOTION FOR RELIEF
FROM AUTOMATIC STAY**

---

To:  The U.S. Trustee, all Creditors, and all Parties in interest pursuant to Local Rule 9013-3.

1.  Plaza I, Inc., a Minnesota corporation (the "Movant"), by and through its undersigned attorneys, Nilsson Midness, P.A., formerly known as Nilsson Law Offices, P.A., moves the Court for the relief requested below and gives notice of hearing herewith.

2.  A hearing on this motion will be heard before the Honorable Robert J. Kressel, U.S. Bankruptcy Court, 8W U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, at 2:00 p.m. on Thursday, October 8, 2009, or as soon thereafter as counsel may be heard.

3.  Any response to this motion must be filed and served by delivery not later than Monday, October 5, 2009, which is three days before the time set for hearing (excluding Saturdays, Sundays, and holidays), or filed and served by mail not later than Tuesday, September 29 2009, which is seven days before the hearing date (excluding Saturdays, Sundays, and holidays).  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.  This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Fed. R. Bankr. P. 5005, and Local Rule 1070-1.  This proceeding is a core proceeding.  The

petition commencing the Chapter 7 case was filed on March 27, 2009.  The case is now

pending in this Court.

5.   This proceeding arises under 11 U.S.C. §362(d)(1), §362(d)(2), and Fed. R. Bankr. P.

4001.  This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9013-1 through

9013-3.  Movant requests relief from the automatic stay of 11 U.S.C. §362 with respect to

the 2003 Mercedes automobile having VIN # WDBSK74F93F058649 (the

"Automobile").

6.   On December 18, 2007, the Movant disbursed to DMW Development, LLC, a Minnesota

limited liability company, solely owned by Debtor Colleen Wallin (the "Debtor") a loan

in the principal amount of $40,000.00 (the "Loan").  The Debtor's obligation to repay the

Loan is evidenced by a promissory note dated December 18, 2007 (the "Note") and

guaranteed by the personal guaranty of the Debtor (the "Guaranty").  The Guaranty, in

turn, was secured by the grant of a security interest in, among other things, the above-

referenced Automobile (the "Security Agreement").

7.   The Debtor is in default under the Note, Guaranty, and Security Agreement in the respect

that the Debtor has failed to pay any installments due since December 2008.

8.   As of the date of filing of this motion, the amount due by Debtor to Movant under the

Loan is approximately $47,040.46.

9.   According to the Debtor's Amended Schedule B, the fair market value of the Automobile

is $32,000.00.

10.  Pursuant to the provisions of 11 U.S.C. §362(d)(1)(a), Debtor has failed to provide

Movant with adequate protection of its interest in the Automobile, and as such Movant

has "cause" for relief from the automatic stay.

11. Pursuant to the provisions of 11 U.S.C. §362(d)(2), the Movant alleges that there is no equity in the Automobile and that, as such, the Automobile is not necessary to an effective reorganization.

12. By reason of the foregoing, good cause exists to lift the automatic stay imposed by 11 U.S.C. §362(a) to allow the Movant to pursue its remedies under state law, the Note, the Guaranty, and the Security Agreement.

13. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

WHEREFORE, Movant respectfully requests that the Court grant an order modifying the automatic stay so as to permit Movant to foreclose its Mortgage on the Automobile and for such other relief as may be just and equitable.

Dated: September 18, 2009

NILSSON MIDNESS, P.A.
f/k/a Nilsson Law Offices, P.A.

By: /s/ Timothy J. Prindiville
Timothy J. Prindiville #388156
Attorneys for Movant
900 Flour Exchange Building
310 Fourth Avenue South
Minneapolis, Minnesota 55415
Tel.: 612-746-1043
Fax: 612-766-9504
tim.prindiville@nilssonlaw.com

## VERIFICATION

I, Daniel L. Gelb, the President of Plaza I, Inc., a Minnesota corporation, declare

under penalty of perjury that the foregoing is true and correct according to the best of my

knowledge, information, and belief.  This Verification is made in support of Movant's

Motion for Relief from Automatic Stay filed herein.

Dated: September _17_, 2009          PLAZA I, INC.,
                                     a Minnesota corporation

                                     By: _____
                                         Its:  President

Subscribed to and sworn before me this
_17_ of September, 2009

_____
Notary Public



TIMOTHY JOSEPH PRINDIVILLE
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:                                                           Chapter 7
                                                          BKY 08-44526 - RJK
COLLEEN P. WALLIN,
                                                       **AFFIDAVIT OF MOVANT**
                        Debtor.

STATE OF MINNESOTA        )
                          ) ss.
COUNTY OF HENNEPIN        )

I, Daniel L. Gelb, being duly sworn on oath, states the following:

1.  I make this Affidavit in support of Movant's Motion for Relief from the Automatic Stay filed herewith.

2.  I am President of Plaza I, Inc., a Minnesota corporation, the Movant in this matter.

3.  I have had the opportunity to review the account of the Debtor.

4.  The Debtor is in default under the Note, Guaranty, and Security Agreement in the respect that the Debtor has failed to pay any installments due under since December, 2008.

5.  As of the date of filing of this motion, the amount due by Debtor to Movant under the Loan is approximately $47,040.46.

FURTHER YOUR AFFIANT SAYETH NOT.

_____
Daniel L. Gelb

Subscribed and sworn before me
on September 17, 2009.

_____
Notary


TIMOTHY JOSEPH PRINDIVILLE
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

In re:                                                          Chapter 7
                                                        BKY 08-44526 - RJK
COLLEEN P. WALLIN,
                                                        **MEMORANDUM OF LAW**
                Debtor.

Plaza I, Inc., a Minnesota corporation (the "Movant"), submits this memorandum of law in

support of its motion for relief from the stay in the above-entitled matter.

FACTS

On December 18, 2007, the Movant disbursed to DMW Development, LLC, a Minnesota

limited liability company, solely owned by Debtor Colleen Wallin (the "Debtor") a loan in the

principal amount of $40,000.00 (the "Loan").  The Debtor's obligation to repay the Loan is

evidenced by a promissory note dated December 18, 2007 (the "Note") and guaranteed by the

personal guaranty of the Debtor (the "Guaranty").  True and correct copies of the Note and

Guaranty are attached hereto as Exhibit A and Exhibit B, respectively.  The Guaranty, in turn,

was secured by the grant of a security interest in, among other things, a 2003 Mercedes

automobile having VIN # WDBSK74F93F058649 (the "Automobile") (the "Security

Agreement").   A true and correct copy of the Security Agreement is attached hereto as Exhibit

C.

The Debtor is in default under the Note, Guaranty, and Security Agreement in the respect

that the Debtor has failed to pay any installments due since December 2008.  As of the date of

filing this motion, the amount due by Debtor to Movant under the Loan is approximately

$47,040.46.  According to the Debtor's Amended Schedule B, the fair market value of the Automobile is $32,000.00.


ARGUMENT

The Debtor has failed to provide Movant with adequate protection.  Section 362(d)(1) of the Bankruptcy Code, provides, in part, that relief from the automatic stay shall be granted upon request of a creditor "for cause, including the lack of adequate protection of an interest in property of such party in interest."  11 U.S.C. §362(d)(1).  Adequate protection may be provided by (1) cash payment or periodic cash payments, (2) additional or replacement liens, or (3) such other relief as compromises the indubitable equivalent of the creditor's interest.  11 U.S.C. § 361. The Debtor in this case has failed to provide to Movant with payments required under the Note for a period of nearly 9 months.  Debtor has not otherwise provided Movant with adequate protection of its interest in the Automobile.  Such circumstances constitute "cause", within the meaning of Section 362(d)(1), and as such, justify relief from the automatic stay.

Furthermore the Debtor lacks equity in the Automobile and the Automobile is not necessary to an effective reorganization.  Section 362(d)(2) of the Bankruptcy Code, provides, in part, that relief from the automatic stay shall be granted upon request of a creditor "with respect to a stay of an act against property . . . if— (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization."  11 U.S.C. §362(d)(2).  In the present case, the balance due to the Movant is $47,040.46.  The of the property as alleged by the Debtor is approximately $32,000.00.  Consequently, there is no equity is the Automobile and the Automobile is not necessary to an effective reorganization.

Accordingly, Movant is entitled to an order from this Court modifying the automatic stay to the extent necessary to permit Movant to exercise all of its rights and remedies with respect to the Automobile under Minnesota state law and the Note, Guaranty, and Security Agreement.

Respectfully submitted,

Dated: September 18, 2009

NILSSON MIDNESS, P.A.
f/k/a Nilsson Law Offices, P.A.

By:  /s/ Timothy J. Prindiville
Timothy J. Prindiville #388156
Attorneys for Movant
900 Flour Exchange Building
310 Fourth Avenue South
Minneapolis, Minnesota 55415
Tel.: 612-746-1043
Fax: 612-766-9504
tim.prindiville@nilsonlaw.com

# PROMISSORY NOTE

**$40,000.00**                                                    **December 18, 2007**
                                                                **Minneapolis, Minnesota**

**AGREEMENT TO PAY:**  For value received, the undersigned **DMW DEVELOPMENT, LLC**, a Minnesota limited liability company (the "Borrower"), promises to pay to the order of **PLAZA I, INC.** (the "Lender"), at such other address as the Lender or holder designates from time to time, principal of FORTY THOUSAND AND NO/100s DOLLARS ($40,000.00). This Note is issued to evidence Borrower's obligation to repay a term loan disbursed by Lender on even date herewith (the "Loan").

THE BORROWER ACKNOWLEDGES AND AGREES THAT THE LOAN IS NOT A CONSUMER OR AGRICULTURAL LOAN, AND PROCEEDS OF THE LOAN ARE FOR BUSINESS PURPOSES ONLY. BORROWER ACKNOWLEDGES AND AGREES THAT NONE OF THE LOAN PROCEEDS WILL OR SHALL BE USED DIRECTLY OR INDIRECTLY FOR PAYMENT OF HOUSEHOLD EXPENSES OR FOR CONSUMER OR AGRICULTURAL PURPOSES.

**INTEREST:**  Outstanding principal shall bear interest from the date hereof at the fixed rate of two percent (2.00%) per month, *but in no event* shall interest accrue in an amount of less than $3,200.00 if this Note is pre-paid within four months of the date hereof. Interest shall be calculated on the basis of actual days elapsed in a 30-day month.  If the interest rate charged hereunder is adjudged to exceed the rate permitted under applicable law, the rate shall be deemed reduced to the maximum such permitted rate.

**PAYMENT:**  Principal and accrued interest on this Note shall be due and payable as follows:

1.  Monthly installments of accrued interest only, beginning January 18, 2008 and continuing on the eighteenth day of every month thereafter;

2.  The entire outstanding principal balance, together with unpaid accrued interest, shall be due and payable in full on December 18, 2008 (the "Maturity Date").

**PREPAYMENT:** Principal may be prepaid, in part or in full, at any time without premium or penalty.

**LATE FEE:**  Each time that a payment is not paid within ten (10) days of its scheduled due date, the Borrower shall pay the Lender, on demand, a late fee equal to 5.00% of the amount of the payment that was due.  The Lender's assessment or acceptance of payment of a late fee shall not constitute a waiver of any default or a waiver of the Lender's right to accelerate or demand payment of this Note.

**SECURITY:**  This Note is guaranteed by the personal guaranty of Colleen P. Wallin (the "Guarantor"), which guaranty, in turn, is secured by (a) a combination Mortgage, Security Agreement, Fixture Financing Statement, and Assignment of Leases and Rents, executed by the

1

**EXHIBIT**
*A*

Guarantor, dated as of the date of this Note, and constituting a (third) lien on the real property located at 4317 North Flag Avenue, New Hope, MN (the "Mortgaged Property")(the "Mortgage"); and (b) a Security Agreement, executed by the Guarantor and the Borrower, dated as of the date of this Note, and granting the Lender a (first) lien on a 2003 RD S5K Mercedes Benz, VIN WDBSK74F93F058649 (the "Pledged Vehicle") and granting the Lender a (first) lien on a 2005 Stratos, 375 XF watercraft, Serial Number GSN17153D505 (the "Pledged Boat") (the "Security Agreement").

**DEFAULT AND REMEDIES:** Any of the following shall constitute an Event of Default under this Note: (a) the failure to pay any amount under this Note when due; (b) a breach of any covenant in the Mortgage; (c) a breach of any covenant in the Security Agreement; (c) the failure of the Borrower to provide the Lender by the 18th day of each month, a copy of the most recent statement issued by each of the prior mortgagees of the Mortgaged Property, showing that all payments due and payable under the prior mortgages are current; and (d) a breach of any covenant by the Borrower, by any entity in which the Borrower has an interest, the Guarantor or any entity in which the Guarantor has an interest, in any agreement with the Lender or with any affiliate of the Lender. Upon an Event of Default, the Lender may, after notice to Borrower, accelerate payment of the entire outstanding principal, and unpaid accrued interest, and pursue all other rights and remedies under applicable law. No delay or omission by the Lender in exercising any right shall constitute a waiver such right. Any notice given to Borrower provided for in this Note shall be deemed given by mailing the notice by certified mail, return receipt requested, addressed to the Borrower, 7600 Boone Ave #67, Brooklyn Park, MN, 55428.

**WAIVER:** The Borrower, endorsers, sureties, guarantors and all other persons liable for this Note hereby waive presentment for payment, protest and notice of nonpayment.

**COLLECTION COSTS:** The Borrower shall pay all collection costs, including reasonable attorneys' fees, whether or not suit is commenced.

**DOCUMENTATION AND COLLECTION COSTS:** The Borrower shall pay all costs of documentation of the loan evidenced by this Note, including, but not limited to reasonable attorneys' fees, administrative fees, search and filing fees, mortgage registry taxes and title insurance premiums. In the Event of Default, the Borrower shall pay all collection costs, including reasonable attorneys' fees, whether or not suit is commenced.

**VENUE AND CHOICE OF LAW:** Any action regarding a dispute under this Note shall be venued in state or federal court in Minnesota. This Note shall be governed by Minnesota law.

DMW DEVELOPMENT, LLC

By: _____
Its: Chief Manager

2

# GUARANTY

**THIS GUARANTY** is made by **COLLEEN PEARL WALLIN**, also known as Colleen P. Wallin (the "Guarantor"), effective December 18, 2007, in favor of **PLAZA I, INC.** (the "Lender").

## RECITALS

**FIRST:** The Lender has agreed to grant DMW DEVELOPMENT, LLC, a Minnesota limited liability company (the "Borrower") a $40,000.00 loan (the "Loan") to the Borrower, as evidenced by promissory note dated of even date herewith in the original principal amount of $40,000.00 (the "Note"), *provided*, among other conditions, *that* the Guarantor absolutely and unconditionally guarantee repayment of the Loan and payment of the Note.

**SECOND:** The Lender further requires that the Guarantor's guaranty be in form and content acceptable to the Lender.

**NOW, THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and to induce the Lender to make the Loan, the Guarantor, in his individual capacity, agrees as follows:

1. **Absolute and Unconditional.** The Guarantor absolutely and unconditionally guarantees to the Lender the full and prompt payment of all amounts due and payable under the Note and the Mortgage, as defined in the Note, including any extensions, renewals, replacements or refinancings of the same. (All of the foregoing are collectively, the "Indebtedness.")

2. **Interest, Late Fees and Collection Costs Included.** The liability of the Guarantor shall include, without limitation, accrued interest, late fees and all attorneys' fees, costs and expenses incurred by the Lender in collecting on and enforcing its rights under the Indebtedness, and all costs and expenses incurred by the Lender in protecting, defending or enforcing this Guaranty in any litigation or Bankruptcy proceedings.

3. **Application of Funds without Impairing Rights.** The Lender may apply any funds received by or available to the Lender on account of the Indebtedness from the Borrower or any other person, or from the Borrower's or other person's properties or any collateral security or other source of payment, without impairing the Lender's rights under this Guaranty.

4. **No Further Act or Event Required.** No act or event need occur to establish the liability of the Guarantor, and no act or event, except full payment and discharge of all the Indebtedness, shall discharge the liability of the Guarantor.

5. **Insolvency or Death of Guarantor.** If the Guarantor dies or becomes insolvent (however defined) then the Lender may declare immediately due and payable the obligations of the Guarantor, and the Guarantor shall immediately pay to the Lender the full amount of the Indebtedness, whether due and payable or unmatured. If a voluntary or

EXHIBIT
B

1

involuntary petition is filed by or against the Guarantor under the United States Bankruptcy Code, or if a receiver of the Guarantor's assets is appointed, or if the Guarantor makes an assignment for the benefit of his creditors, the obligations of the Guarantor shall immediately be due and payable without demand or notice.

6.  **Guarantor Not to Seek Contribution, etc.** The Guarantor shall not exercise or enforce any right of contribution, reimbursement, recourse or subrogation available to him against the Borrower or any person liable for payment of the Indebtedness, or as to any collateral *securing the Indebtedness, unless and until all of the Indebtedness shall have first been* fully paid and discharged.

7.  **No Reduction or Discharge of Liability.** The liability of the Guarantor shall not be reduced or discharged by any of the following acts or events (which the Lender is expressly authorized to do, omit or suffer from time to time, without notice to or the consent or approval of the Guarantor): (a) any acceptance of collateral security, guarantors, accommodation parties or sureties for any or all of the Indebtedness; (b) any one or more extensions or renewals of the Indebtedness (whether or not for a period longer than the original period) or any modification of the interest rate, maturity or other contractual terms applicable to all or part of the Indebtedness; (c) any waiver or forbearance granted to the Borrower, any delay or lack of diligence in the enforcement of the Indebtedness, or any failure to institute proceedings, file a claim, give any required notices or otherwise protect any of the Indebtedness; (d) any full or partial release of, settlement with, or agreement not to sue, the Borrower or any other guarantor or other person liable with respect to any of the Indebtedness; (e) any discharge of any evidence of the Indebtedness or the acceptance of any instrument renewing or refinancing the Indebtedness; (f) any failure to obtain collateral security (including rights of setoff) for the Indebtedness, or to assure its proper or sufficient creation, perfection, or priority, or to protect, insure, or enforce any collateral security; or any modification, substitution, discharge, impairment, or loss of such collateral security; (g) any foreclosure or enforcement of any collateral security by the Lender or any other creditor of either of the Borrower with a security interest in the collateral security; (h) any assignment or transfer of any of the Indebtedness or documentation evidencing the Indebtedness; (i) any order of application of any payments or credits upon the Indebtedness from the Borrower, the Guarantor, or any other person; and (j) any election by the Lender under §1111(b)(2) of the United States Bankruptcy Code.

8.  **Waiver of Defenses of Borrower.** The Guarantor waives any and all defenses, claims and discharges of the Borrower pertaining to the Indebtedness, except the defense of discharge by payment in full. Without limiting the generality of the preceding sentence, the Guarantor shall not assert, plead or enforce against the Lender any defense of waiver, release, discharge in Bankruptcy, statute of limitations, res judicata, statute of frauds, anti-deficiency statute, misrepresentation or fraud, incapacity, minority, usury, illegality or unenforceability that may be available to the Borrower liable for payment of any of the Indebtedness, or any setoff available against the Lender to the Borrower, whether or not on account of a related transaction. The Guarantor shall be liable for any deficiency remaining after foreclosure of any mortgage, deed of trust or security interest securing the

2

Indebtedness, whether or not the liability of the Borrower is discharged pursuant to statute or judicial decision.

9. **Lender Not Required to First Resort to Borrower or Collateral.** The Lender shall not be required to first resort to the Borrower for payment of the Indebtedness, or to first enforce any collateral security given to secure the Indebtedness before enforcing this Guaranty. The Guarantor waives presentment, demand for payment, notice of dishonor or nonpayment, and protest of any instrument evidencing part or all of the Indebtedness.

10. **Guaranty Continues If Payment Applications Set Aside, etc.** If any payment applied by the Lender to the Indebtedness is later set aside, recovered, rescinded or required to be returned for any reason (including, without limitation, the Bankruptcy, insolvency or reorganization of the Borrower), the Indebtedness to which such payment was applied shall for the purposes of this Guaranty be deemed to have continued in existence, notwithstanding such application, and this Guaranty shall be enforceable as to the Indebtedness as fully as if such application had never been made.

11. **Guarantor's Liability Cumulative.** The Guarantor's liability is in addition to and cumulative with all other liabilities of the Guarantor to the Lender as a guarantor or otherwise, without limitation as to amount, unless the instrument or agreement evidencing or creating the other liability specifically provides to the contrary.

12. **Guarantor Warranties and Representations.** The Guarantor represents and warrants to the Lender that (a) she is under no legal disability; (b) she stands to benefit directly and indirectly from the Loan; and (c) this Guaranty has been duly executed and delivered and constitutes her lawful, binding and legally enforceable obligation (subject to the United States Bankruptcy Code and other similar laws generally affecting the enforcement of creditors' rights).

13. **Miscellaneous.** This Guaranty shall be effective upon delivery to the Lender, without further act, condition or acceptance by the Lender, shall be binding upon the Guarantor and his representatives, successors and assigns, for the benefit of the Lender and its participants, successors and assigns. Any invalidity or unenforceability of any provision or application shall not affect other lawful provisions and applications of this Guaranty, which is severable. This Guaranty may not be waived, modified, amended, terminated, released or otherwise changed except by a writing signed by both the Guarantor and the Lender. This Guaranty is issued in and shall be governed by the laws of the State of Minnesota.

**IN WITNESS WHEREOF**, this Guaranty has been duly executed on the above date by the Guarantor.

**COLLEEN PEARL WALLIN**, also known as Colleen P. Wallin
Social Security No. _____

ACKNOWLEDGMENT PAGE TO GUARANTY OF COLLEEN PEARL WALLIN, also known as Colleen P. Wallin

STATE OF MINNESOTA )
                    ) ss.
COUNTY OF HENNEPIN )

The foregoing instrument was acknowledged before me this _18th_ day of December 2007 by Colleen Pearl Wallin, also known as Colleen P. Wallin.

_____
Notary Public



TIMOTHY JOSEPH PRINDIVILLE
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

# SECURITY AGREEMENT

| Plaza I, Inc. | Colleen Pearl Wallin | DMW Development, LLC |
|---|---|---|
| 9617 Oak Ridge Trail | 4317 Flag Ave. North | 7600 Boone Ave #67 |
| Minnetonka, MN  55305 | New Hope, MN 55428 | Brooklyn Park, MN, 55428 |
| (the "Lender" and "Secured | (the "Grantor") | (the "Grantor" and |
| Party") | | "Borrower") |

December 18, 2007

1.     SECURITY INTEREST AND COLLATERAL.  To secure payment of the Obligations of Borrower (as defined below), Colleen Pearl Wallin, also known as Colleen P. Wallin, and DMW Development, LLC (collectively, the "Grantors") hereby enter into this Security Agreement (the "Agreement") and grant to the Secured Party a security interest (the "Security Interest") in the Collateral (defined below).

"Obligations" means every present and future debt, liability, and obligation that the Borrower or either of the Grantors may owe to the Secured Party, whether direct or indirect, due or unmatured, absolute or contingent, primary or secondary, or joint, several or joint and several, and whether it arises with or without documents, such as deposit account overdrafts and charges, and including all extensions, renewals, amendments or replacements of such debt, liability, or obligation.

"Collateral" means the following property, in which the Grantors now have or hereafter acquire an interest:

> Motor Vehicle – 2003 Mercedes RD S5K, VIN # WDBSK74F93F058649
> Motor Boat – 2005 Stratos, 375 XF, Serial Number GSN17153D505

The Collateral shall also include, as applicable, all (i) products of the Collateral; (ii) substitutions and replacements for the Collateral; (iii) proceeds from the sale or disposition of the Collateral, including insurance proceeds and any rights of subrogation resulting from the damage or destruction of the Collateral; and (iv) for Collateral that is tangible, all additions, increases, improvements, accessories, attachments, parts, equipment and repairs now or in the future attached to or used in connection with such Collateral, and any warehouse receipts, bills of lading or other documents of title now or in the future evidencing the Grantors' ownership of the Collateral.

2.     REPRESENTATIONS, WARRANTIES AND AGREEMENTS.  The Grantors represent, warrant and agree that:

(a)     Collen Pearl Wallin is an individual who resides and domiciles at 4317 North Flag Ave., New Hope, Minnesota, 55428.



EXHIBIT
C

(b)     DWM Development, LLC is a Minnesota limited liability company, with its principal place of business at 7600 Boone Ave #67, Brooklyn Park, Minnesota, 55428, and that this Agreement has been authorized by all necessary company action.

(c)     The Grantors have and will have title to each item of Collateral free and clear of all security interests and other encumbrances, except security interests in favor of the Lender.

(d)     The Grantors will defend the Collateral against the claims of all persons except the Lender. The Grantors will not dispose of any interest in the Collateral without the prior written consent of the Lender.

(e)     The Grantors will execute and deliver to the Lender financing statements and any other documents that the Lender may require to perfect its Security Interest in the Collateral, and will not permit any tangible Collateral to be located in any state and/or county in which a financing statement perfecting such Collateral is required to be but has not been filed. The Grantors agree that the Lender may alternatively execute financing statements to perfect the Security Interest in the Collateral where permitted by law.

(f)     The Grantors shall at all times:

    (i) keep all tangible Collateral in good working order and condition, normal depreciation excepted;

    (ii) promptly pay all taxes and other governmental charges levied or assessed upon Collateral;

    (iii) [reserved];

    (iv) [reserved];

    (v) promptly notify the Lender of any loss of or material damage to any Collateral or of any adverse change known to the Grantors regarding the prospect of payment on any Account;

    (vi) upon Lender's request, promptly deliver to the Lender any instrument, document or chattel paper constituting Collateral, duly endorsed or assigned by the Grantors;

    (vii) keep all tangible Collateral insured against loss and damage, including risks of fire (including extended coverage), theft, collision (in case of Collateral consisting of motor vehicles) and such other risks in such amounts as the Lender may reasonably request, with any loss payable to the Lender to the extent of its interest and with the commitment of the insurer to notify the Lender before cancellation;

    (viii) pay when due or reimburse the Lender on demand for all costs of collection of the Obligations and all other out-of-pocket expenses (including in each case all reasonable

2

attorney's fees) incurred by the Lender in connection with this Agreement and the Obligations, including expenses incurred in any litigation or bankruptcy proceedings; and

(ix) prevent the Collateral from being used or kept in violation of all applicable law.

(g)    If the Grantors breach any covenant or warranty in this Agreement, and the breach or failure continues for a period of ten calendar days after the Lender gives written notice (or, in the case of the agreement contained in clause (vii) of Section 2(f), immediately upon the occurrence of such failure, without notice or lapse of time), the Lender may in its discretion perform or observe such agreements in the Grantors' or the Lender's name, and may take any other actions which the Lender deems necessary to cure or correct such failure. The Grantors shall reimburse the Lender on demand for all costs and expenses (including reasonable attorneys' fees) incurred by the Lender in performing or observing such agreements. If the Grantors fail to reimburse the Lender upon demand, the Lender may cause such amounts to be advanced or added to any of the Obligations secured hereunder, which will bear interest at the highest rate provided under the note designated for this purpose by the Lender at the time of the advance.

(h)    The Grantors irrevocably appoints the Lender or its delegate as attorney-in-fact of Grantors with the right (but not the duty) to execute, deliver, endorse or file, in the name and on behalf of Grantors, any instruments, documents, financing statements, applications for insurance or other agreements required of Grantors under Section 2 at any time following an Event of Default. Following an Event of Default, the Lender may in its discretion enforce any rights of the Grantors under any contract of insurance, and in the Grantors' or the Lender's name, execute and deliver proofs of claim, receive payment of proceeds, endorse checks and other instruments representing payment of such proceeds, and adjust, litigate, compromise or release any claim against the issuer of any such policy.

3.    EVENTS OF DEFAULT. Each of the following occurrences shall constitute an event of default under this Agreement (each an "Event of Default"):

(a)    the Grantors fail to make any payment of principal or interest due under any of the Obligations or the Grantors are otherwise in default with respect to any of the Obligations, and any applicable grace period stated therein, if any, has lapsed and the indebtedness has been accelerated and is fully due and payable; or

(b)    the Grantors fail to observe or perform any of the covenants or agreements contained in this Agreement, after giving effect to any applicable grace period, if any; or

(c)    any representation or warranty by the Grantors set forth in this Agreement or made to the Lender in any financial statements or reports submitted to the Lender by or on behalf of Grantors is materially false or misleading.

4.    REMEDIES UPON EVENT OF DEFAULT. Upon the occurrence of an Event of Default and at any time thereafter, the Lender may exercise any one or more of the following rights and remedies jointly or severally against the Grantors:

3

(a)     declare all unmatured Obligations to be immediately due and payable, without presentment or other notice or demand;

(b)     exercise all rights available upon default to a secured party under the Uniform Commercial Code.  The Lender may require Grantors to make the Collateral available to the Lender at a place to be designated by the Lender which is reasonably convenient to both parties, and if notice to Grantors of any intended disposition of Collateral or any other intended action is required by law in a particular instance, such notice shall be deemed commercially reasonable if given in the manner specified in this Agreement at least 10 calendar days prior to the date of any public sale or disposition or the date after which any private sale may occur;

(c)     exercise any or all other rights available to the Lender by law or agreement against the Collateral, the Grantors or any other person or property.

The Lender shall not be obligated to preserve any rights Grantors may have against prior parties, to liquidate or realize on the Collateral at all or in any particular manner or order, or apply any cash proceeds of Collateral in any particular order.

5.     OTHER PERSONAL PROPERTY.  Unless at the time the Lender takes possession of any tangible Collateral, or at any time within seven days thereafter, the Grantors give the Lender written notice of the existence of property belonging to the Grantors that does not constitute Collateral, but which is located or found upon or within such Collateral, together with a description of such property, the Lender shall not be responsible or liable to the Grantors with respect to such property unless it has actual knowledge of its existence and location upon or in such Collateral.

6.     [RESERVED].

7 .     NO WAIVER; CUMULATIVE REMEDIES.  Delay or failure to act shall not preclude the exercise or enforcement of any of the Lender's rights or remedies.  All rights of the Lender shall be cumulative and may be exercised singularly or concurrently, at the Lender's option, and the exercise of any one such right or remedy shall neither be a condition to nor bar the exercise or enforcement of any other.

8 .     NOTICES.  All notices to be given to Grantors shall be deemed sufficiently given if delivered or mailed to the Grantors at the above addresses or at the most recent addresses shown on the Lender's records.

9.     BINDING EFFECT; ASSIGNMENT.  This Agreement shall be binding upon and inure to the benefit of Grantors and the Lender and their respective heirs, representatives, successors and assigns and shall take effect when signed by Grantors and delivered to the Lender.  A photographic or other reproduction of this Agreement or of any financing statement signed by the Grantors shall have the same force and effect as the original.

10.     APPLICABLE LAW; SEVERABILITY.  Except to the extent otherwise required by law, this Agreement shall be governed by the laws of Minnesota.  If any provision or application of

4

this Agreement is unenforceable in any respect, such unenforceability shall not affect other provisions of this Agreement.

11.    SURVIVAL OF REPRESENTATIONS AND WARRANTIES.  All representations and warranties contained in this Agreement shall survive the execution, delivery and performance of this Agreement and the creation and payment of the Obligations.

12.    INTEGRATION.  This Agreement represents the entire understanding of the Lender and Grantors with respect to the Collateral and supersedes all prior oral or written agreements between the parties relating to the Collateral.

IN WITNESS WHEREOF, this Agreement was executed the day and year first above written.

DMW PROPERTIES, LLC

COLLEEN PEARL WALLIN, also known as
Colleen P. Wallin

By: _____

Its: Chief Manager

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

---

In re:                                                                          Chapter 7
                                                                      BKY 08-44526 - RJK

COLLEEN P. WALLIN,

                          Debtor.                    **UNSWORN DECLARATION
                                                      OF PROOF OF SERVICE**

---

I, Timothy J. Prindiville, an attorney licensed to practice law in this Court, declare that on
September 17, 2009 I caused the following documents:

1. Notice of Hearing and Motion For Relief From Automatic Stay;
2. Memorandum of Law;
3. Affidavit of Movant; and
4. [Proposed] Order

(collectively, the "Motion Documents") to be filed electronically with the Clerk of Court through
ECF, and that ECF will send an e-notice of the electronic filing to the following:

Matthew R. Burton        mburton@losgs.com

Joseph W. Dicker         joe@joedickerlaw.com, joyce@joedickerlaw.com

John D. Lamey            bankrupt@lameylaw.com,
                         shari@lameylaw.com,
                         blair@lameylaw.com,
                         ewright@lameylaw.com

Brian H. Liebo           laurag@ouwlaw.com, davids@ouwlaw.com

Randall L. Seaver        rlseaver@fullerseaverramette.com,
                         rseaver@ecf.epiqsystems.com

US Trustee               ustpregion12.mn.ecf@usdoj.gov

I further declare that I caused the Motion Documents to be delivered on the following manual
recipients (non-ECF participants) identified through the CM/ECF database via U.S. First Class
Mail:

Linda M. Berreau
16418 GladysLln
Minnetonka, MN 55345

Eileen Nygard
11617 84th Ave.
Maple grove, MN 55369

Matthew D Swanson
Portland Ave. So., Ste 132
Burnsville, MN 55337

And I declare, under penalty of perjury, that the foregoing is true and correct.

                                                   NILSSON MIDNESS, P.A.
Dated: September 18, 2009           f/k/a Nilsson Law Offices, P.A.

                                            By:  /s/ Timothy J. Prindiville
                                                   Timothy J. Prindiville #388156
                                                    Attorneys for Movant
                                                    900 Flour Exchange Building
                                                    310 Fourth Avenue South
                                                    Minneapolis, Minnesota 55415
                                                    Tel.: 612-746-1043
                                                    Fax: 612-766-9504
                                                    tim.prindiville@nilssonlaw.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

---

In re:                                                      Chapter 7
                                                     BKY 08-44526 - RJK
COLLEEN P. WALLIN,

                                          **ORDER TERMINATING STAY**
                        Debtor.

---

     This matter came on before the undersigned Judge of the above entitled court, upon

motion filed with the Court.

     Based upon all the files and proceedings herein,

     IT IS HEREBY ORDERED THAT:

1. The automatic stay imposed by 11 U.S.C. §362 is hereby modified to the extent

   necessary to permit Movant, Plaza I, Inc., its successors and assigns, to exercise all of its

   rights and remedies under Minnesota state law, the Note, the Guaranty, and the Security

   Agreement, and with respect to the 2003 Mercedes automobile having VIN #

   WDBSK74F93F058649.

2. Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this order is effective immediately.


Dated: _____          _____
                                         The Honorable Robert J. Kressel
                                         Judge of U.S. Bankruptcy Court